**GLEN'S GRILL NO. 3, INC.,** Cleveland, Ohio, Appellant-Appellee, v. **BOARD OF LIQUOR CONTROL,** Appellee-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 6161. Decided November 10, 1959.

Feighan, Feighan & Feighan, John T. Feighan, Jr., of Counsel, Cleveland, for appellant-appellee.

Mark McElroy, Atty. Genl., John W. Leibold, Asst. Atty. Genl., Columbus, for appellee-appellant.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

**OPINION**

By McLAUGHLIN, J.

The operator of a tavern known as Glen's Grill, in Cleveland, was cited for having violated §4301.22 R. C., particularly **Subsection B,** which provides, "No sales shall be made to an intoxicated person."

Upon hearing had, the Board of Liquor Control found that the charges were well taken and supported by the evidence. The permits of the Grill were suspended for a period of fourteen days. This suspension order was appealed to the Common Pleas Court of Franklin County which court reversed the Board of Liquor Control and reinstated the permits.

The Board of Liquor Control appeals to this court from the reversal and the reinstatement. Briefly, the facts are as follows: Two Cleveland police officers, upon entering this tavern, observed one Pete Goldauska sitting on a stool at the bar with his head resting in his arms. He repeatedly raised his head up and dropped it back onto his arms. One of the officers went to a telephone booth to contact his headquarters. After about a minute a waitress served Goldauska a drink. One of the officers testified that the drink was poured from a whiskey bottle together with a coke chaser for which he paid the waitress fifty cents. Thereupon, the two policemen arrested Goldauska who then flourished his arms and said, "I'm not drunk. I'm crazy." The officers then observed him to have a strong ordor of alcohol about his breath, and his eyes were bloodshot. One of the officers testified that, at about this time, the operator of the tavern was heard to exclaim, "He's drunk, but I told my barmaid not to serve anybody who is intoxicated." These remarks were denied by the operator at the hearing.

The Board of Liquor Control assigns three errors of the Common Pleas Court:

"1. In finding that the order of the Board of Liquor Control was not supported by reliable, probative and substantial evidence and not in accordance with law.

"2. In reversing and dismissing the order of the Board of Liquor Control.

"3. Other error appearing on the face of the record."

The Common Pleas Court (Harter, J.) concluded that it was necessary to prove intent and then held that intent had not been shown. It was also held that there was insufficient proof that the liquid sold to Goldauska was in fact intoxicating liquor.

The assigned errors present two questions for our decision:

"1. Where a holder of a liquor permit is cited for violation of §4301.22 B R. C., is it necessary for the Department of Liquor Control to prove the element of intent.

"2. Where the holder of a liquor permit is cited for violation of §4301.22 B R. C., is it necessary for the Department to prove that the intoxicated person was so far under the influence of alcohol that his conduct and demeanor were not up to standard and that his intoxication was reasonably discernible to a person of ordinary experience."

The recent case of **State v. Morello, 169 Oh St 213,** is dispositive of both questions. The second paragraph of the syllabus reads as follows:

"2. Under §4301.22 (B) R. C., making an offense the sale of intoxicants to an intoxicated person, which statute makes no reference to **scienter,** it is not necessary in order to obtain a conviction to prove that the accused knew that the person to whom he is charged with having sold intoxicants was intoxicated, where the means of such knowledge were available to the accused or the common good imposed a duty upon him to obtain it."

In that opinion, Judge Bell reasoned that the injunction against the sale of intoxicants to an intoxicated person (§4301.22 B R. C.), is couched in almost identical language to that which prohibits the sale of intoxicants to a minor (A of the same section), and then states that the authorities are numerous in holding that in a prosecution for selling liquor to a minor, since the statute does not expressly or by clear implication make ignorance of a minority defense, such defense is not available. He then states that there is no distinction between selling liquor to a minor and that of selling such liquor to an intoxicated person, and that ignorance that the buyer was a minor not being a defense, ignorance that the buyer was an intoxicated person is not a defense either. Then Judge Bell, at page 216, uses these important words which we emphasize:

"* * * **The common good, in each instance, imposes a duty upon the seller to ascertain the status or condition of the person to whom the sale is made, and if he persists in the sale he does so at his peril.**"

In our opinion, the finding and holding of the Board of Liquor Control is supported by reliable, substantial and probative evidence, and the first and second assignments of error are sustained.

As to the other conclusion of the Common Pleas Court finding, that there was insufficient proof that the liquid sold to Goldauska was in fact intoxicating liquor, we are unable to agree. It was not necessary to prove the alcoholic content of the beverage sold by direct evidence, but it is sufficient if the same is shown by indirect or circumstantial evidence. It was testified here that the drink was poured from a whiskey bottle. This in itself is strong circumstantial evidence that the drink was an intoxicating beverage. In addition thereto, the drink was referred to as a "shot." Such term connotes alcoholic content in concentrated form. The further circumstance that it was served with a coke is again strong evidence that the alcoholic content of the drink was concentrated to such an extent that it required some sort of chaser.

We, therefore, are of the opinion that the finding of the Board of Liquor Control was supported by reliable, probative and substantial evidence; that the drink sold was in fact intoxicating liquor.

The order and finding of the Common Pleas Court will be reversed and the order and finding of the Board of Liquor Control will be affirmed.

BRYANT, PJ, DUFFY, J, concur.